# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| FRENEL GEORGES, | : | |
| --- | --- | --- |
| Petitioner | : | |
| | : | No. 1:17-cv-01692 |
| v. | : | |
| | : | (Judge Kane) |
| CLAIR DOLL, | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Frenel Georges' motion to enforce (Doc. No. 8), this Court's October 31, 2017 Order (Doc. No. 7), granting his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, insofar as this Court ordered that Petitioner should be afforded an individualized bond hearing before an immigration judge (Id.). Respondent has filed a brief in opposition to Petitioner's motion. (Doc. No. 11.)

## I. BACKGROUND

Petitioner is a citizen and native of Haiti who entered the United States around May 24, 1991, at Miami, Florida possessing a B2 visa with permission to remain in the United States for a temporary period not to exceed November 23, 1991. (Doc. No. 6. at 3.) Petitioner filed an application for asylum on August 27, 1991, which immigration officials denied on August 8, 1994. (Id.) On June 7, 1995, an immigration judge granted voluntary departure until June 19, 1995. (Id.) Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), which reopened and remanded the proceedings in order for Petitioner to apply for adjustment of his immigration status. (Id.) Petitioner's immigration status was adjusted on January 20, 2000 to that of legal permanent resident. (Id.)

Between 2004 and 2017, Petitioner was convicted of making terroristic threats, public order crimes, possessing a schedule I controlled dangerous substance, driving under the influence

1

(on two separate occasions), aggravated harassment by prisoner, and possession of a small amount of marijuana. (Id. at 4.) Petitioner was charged by immigration officials on February 2, 2017 with being removable pursuant to Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"). (Id.) Immigration officials subsequently took Petitioner into custody and on February 28, 2017, an immigration judge denied Petitioner's application for a change in custody status. (Id.)

On June 29, 2017, an immigration judge ordered that Petitioner be removed from the United States to Haiti and denied all of his pending applications. (Id.) Petitioner then filed an appeal to the BIA on July 26, 2017. (Id.) On October 3, 2017, the BIA granted Petitioner's request for an extension as to the BIA briefing deadline, which was due on November 3, 2017. (Id.)

On September 19, 2017, Petitioner filed a petition for writ of habeas corpus seeking either release or an individualized bond hearing. (Doc. No. 1.) Petitioner contends that his eight-month detention pending removal is unreasonable. (Id.) The Court issued an Order on October 5, 2017 directing Respondent to show cause as to why the relief sought should not be granted. (Doc. No. 4.) On October 25, 2017, Respondent filed a response to the petition (Doc. No. 6), conceding that Petitioner is entitled to an individualized bond hearing before an immigration judge due to the prolonged length of his detention. See Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469 (3d Cir. 2015); Demore v. Kim, 538 U.S. 510 (2003); Singh v. Sabol, Civ. No. 14-1927, 2015 WL 3519075 (M.D. Pa. June 4, 2015).

Accordingly, this Court granted the petition and ordered an individualized bond hearing before an immigration judge, and in doing so, provided that "the immigration judge must make an individualized inquiry into whether detention is still necessary for purposes of ensuring that

Petitioner attends removal proceedings and that his release will not pose a danger to the community," and that "the government bears the burden of demonstrating that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute." (Doc. No. 7.) A bond hearing was held before an immigration judge on November 7, 2017 (Doc. No. 11, Ex. 2), in which Petitioner was represented by counsel (Id.). At the hearing, the immigration judge denied Petitioner's bond on the basis that Petitioner demonstrated a danger to the community and was a flight risk due to his lengthy criminal history, recent conviction of terroristic threats, and lack of family members in his home country of Haiti. (Id., Bond Hearing Track 3, at 3:48, 4:51; Track 4, at 1:14, 1:38.)

On December 11, 2017, Petitioner filed a motion to enforce this Court's October 31, 2017, Order. (Doc. No. 8.) While Petitioner acknowledges that he received a bond hearing before an immigration judge, he alleges that he should not have been denied bail. (Id. at 1.) Petitioner therefore requests that the Court order his immediate release. (Id. at 5.)

**II.    DISCUSSION**

Petitioner's instant motion requests that this Court immediately release him from the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") custody. (Doc. No. 8.) While it appears that Petitioner is dissatisfied with the immigration judge's determination as to bail, he neither points to any facts or evidence nor provides any substantive argument that the immigration judge failed to comply with this Court's August 15, 2017 Order in conducting the individualized bond hearing. (Id.) Respondent argues that the Court must deny Petitioner's motion to enforce because Petitioner must first exhaust his administrative remedies by filing an appeal with the Board of Immigration Appeals ("BIA"), and then file a new habeas matter seeking review of the BIA decision, if necessary. (Doc. No. 11.)

3

Other courts within this district have previously confronted the issue presented by Petitioner's request. In Quinteros v. Sabol, Civ. No. 15-02098, 2016 WL 6525295 (M.D. Pa. Nov. 3, 2016), the court addressed whether it retained jurisdiction after it orders an immigration judge to conduct an individualized bond hearing. The court posed the following narrative:

> When a federal district court orders an immigration judge to conduct an individualized bond hearing as requested in a habeas petition, is it improper for the district court to retain jurisdiction for the purpose of conducting its own determination on the merits, prior to the petitioner exhausting his administrat[ive] remedies and the agency's decision becoming final? As a matter of both federalist principles and common-sense practicality, I consider it axiomatic that a federal court should not retain jurisdiction post-referral, but to the extent that it must, such review is necessarily limited to ensuring that the petitioner received the hearing he was owed in the first place. Accordingly, prior to satisfactory showings of exhaustion and finality, the district court should not revisit the merits of the immigration judge's determination. To do so would be premature and would otherwise disregard established constitutional bounds.

Id. at *1. The court went on to provide that "an immigration judge's conducting an individualized bond determination . . . necessarily moot[s] an underlying habeas petition that solely requests such a hearing be held." Id.; see also Carmil v. Green, Civ. No. 15-8001 (JLL), 2015 WL 7253968, at *3 (D. N.J. Nov. 16, 2015) ("Petitioner has already received the sole relief available to him under Diop and Chavez-Alvarez, a bond hearing, and as such his [p]etition would be moot and would warrant dismissal for that reason instead.").

In Pierre v. Sabol, Civ. No. 11-2184, 2012 WL 291794 (M.D. Pa. July 17, 2012), a case which Respondent cites, the court considered a § 2241 Petitioner's motion under Federal Rule of Civil Procedure 60(b)(6), as it requested that the district court reopen his §2241 case after it had been closed upon referral to an immigration judge to conduct a bond hearing, and either require the immigration judge to reconsider his bail amount or release him from detention. Id. at *1. The court declined to do so on two grounds. First, the court noted that the petitioner received the

relief he requested, a hearing before an immigration judge, and cited Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011), for the proposition that a "district court has authority to determine if there has been compliance with its earlier habeas order but acted properly in refusing to review the [immigration judge's] refusal to grant bond when the government complied with the habeas order by holding a hearing." Id.

The court's second reason was that the petitioner failed to exhaust his administrative remedies, providing that it could not consider the request for relief until the petitioner appealed the bond decision to the BIA. Id.; see also Leonard, 646 F.3d at 1160-61 (stating that alien petitioner failed to exhaust administrative remedies when he did not appeal the immigration judge's bond determination to the BIA before seeking habeas relief in district court); Chajchic v. Rowley, Civ. No. 17-00457, 2017 WL 4401895, at *3 (M.D. Pa. Jul. 25, 2017) (providing that "aliens who receive a bond hearing before the immigration judge" are required to "exhaust their administrative remedies and raise any issues with the BIA prior to seeking federal habeas corpus relief").

Moreover, the requirement of exhaustion of administrative remedies as a predicate to consideration of habeas corpus petitions acknowledges the deference that should be afforded to agency decisions, and fosters important institutional goals. Specifically: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

With this precedent in mind, this Court finds that Petitioner has failed to exhaust his administrative remedies and, as a result, Petitioner's motion could be denied on this ground.

However, in the interest of completeness, the Court will address whether Petitioner received an independent and adequate bond hearing before the immigration judge he was initially. See Quinteros, 2016 WL 6525295, at *1; Leonard, 646 F.3d at 1161.

When reviewing a bond determination by an immigration judge following an order referring a case for individualized bond consideration, this Court's review is limited to three essential considerations: (1) whether the decision of the immigration judge paid full fidelity to the law of the case; (2) whether there has been no plain legal error by the immigration judge in identifying and applying the controlling legal precepts; and (3) whether the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. See Chajchic, 2017 WL 4401895, at *4.

As to the first consideration, having reviewed the audio recording of the bond hearing before the immigration judge (Doc. No. 11, Ex. 2), the Court is satisfied that the hearing complied with the Court's October 31, 2017, Order and was conducted in accordance with the law of the case (Doc. No. 7). As Respondent notes, the immigration judge referenced this Court's October 31, 2017, Order and marked it as an exhibit in the record. (Doc. No. 11, Ex. 1.) In assessing the danger to the community, the immigration judge, in a particularized and individual basis, cited Petitioner's criminal history, which consisted of various offenses over the past 15 years, including a conviction related to terroristic threats in February of 2017. (Doc. 11, Ex. 2.) With regard to Petitioner's flight risk, the immigration judge found that he posed a significant flight risk if released, in part because he does not have any family in Haiti and all of his family members currently reside in the United States. (Id.) While Petitioner "may be dissatisfied with his individualized assessment, it cannot be said that the immigration judge did

6

not follow the law of the case, as prescribed by this court and conduct an individualized bond hearing." See Chajchic, 2017 WL 4401895, at *4.

In considering the second component, this Court finds no plain legal error by the immigration judge in identifying and applying the controlling law. As noted above, the immigration judge correctly articulated that the Government has the burden to establish, by clear and convincing evidence, two primary factors: (1) that Petitioner presents a danger to the community and (2) that Petitioner is a flight risk. (Doc. No. 11, Ex. 2.) Because the immigration judge properly articulated the applicable legal standards which govern immigration bond decisions in this setting, the Court finds no legal error in this case.

Finally, in considering the third factor, the Court does not find that the immigration judge's exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process. When reviewing a discretionary denial of bond, the degree of arbitrariness necessary to state a constitutional claim is striking, and the petitioner "bears the burden of showing that there is no rational basis in the record for the denial of bail." Martin v. Diguglielmo, 664 F. Supp. 2d 612, 621 (W.D. Pa. 2008) (quoting Finetti v. Harris, 609 F.2d 594, 601 (2d Cir. 1979)); Chajchic, 2017 WL 4401895, at *5. Accordingly, "federal courts do not sit as appellate courts to review the use or abuse of discretion of [other] courts in the granting or denying of bail," and the "burden is on [the] petitioner to show that the record is devoid of a rational basis for the denial." Gorton v. Marsteller, 545 F. Supp. 994, 997-98 (D. Kan. 1982) (internal citations omitted); Chajchic, 2017 WL 4401895, at *5; Colavita v. Pennsylvania, Civ. No. 08-3557, 2009 WL 616649, at *4 (E.D. Pa. Mar. 6, 2009) ("To sustain a federal claim, a petitioner must demonstrate the denial of bail was arbitrary or without any rational basis.").

In accordance with these standards, the Court finds that the immigration judge's discretionary decision to deny bond to Petitioner was rationally based upon Petitioner's criminal history and potential to pose a flight risk, as set forth above. Accordingly, the Court concludes that the immigration judge's conclusions were rational, and thus neither arbitrary nor without a rational basis.

## III. CONCLUSION

For the reasons set forth above, Petitioner's motion to enforce (Doc. No. 8), will be denied and this case will remain closed. An appropriate Order follows.